

FILED
IN OPEN COURT

DEC -7 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr 166 |
| | ) | |
| HARRY RANDALL WITHERS, JR., | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| Defendant. | ) | (Counts 1-5) |
| | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | Engaging in Monetary Transactions in |
| | ) | Criminally Derived Property |
| | ) | (Counts 6-10) |
| | ) | |
| | ) | Forfeiture |

## INDICTMENT

DECEMBER 2016 TERM – at Norfolk, Virginia

### COUNTS ONE THROUGH FIVE

THE GRAND JURY CHARGES THAT:

During the period from in or about December 2012 through August 2014, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did devise and intend to devise a scheme and artifice to defraud R.B. and for obtaining money and property from R.B. by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice, and the execution thereof, were in substance as follows:

1. The object of the scheme and artifice devised by the defendant was to obtain for himself monies from R.B. on the basis of materially false and fraudulent pretenses, representations and promises.

2. It was a part of the defendant's scheme and artifice that he made materially false and fraudulent pretenses, representations and promises to R.B. in order to induce R.B. to lend him money. Among the materially false and fraudulent pretenses, representations and promises made by the defendant were the following:

a. That the defendant was the co-owner of a business named C3 Vino, a wine and cheese bar located in Suffolk, Virginia. In fact, the defendant was not an owner of C3 Vino, but was hired as a manager by the actual owner of the business.

b. That the co-owner and employees of C3 Vino had embezzled money from the defendant. In fact, it was the defendant, who was a signatory to the C3 bank account, who had embezzled money from the actual owner of C3 Vino.

c. That the defendant needed money from R.B. in order to keep C3 Vino afloat. In fact, the defendant wanted money from R.B. for his own personal benefit.

d. That the defendant was a member of an affluent family that had founded Union Camp Corporation, a pulp and paper company that was later acquired by International Paper. In fact, he was not a member of that family.

e. That the defendant's grandmother died and left the defendant a large inheritance that he would use to repay any monies lent to him by R.B., although he was unable to access the funds due to legal issues with the estate. In fact, the defendant's grandmother had not died and left him an inheritance.

f. That the defendant's mother had been very ill and that he had euthanized her with a lethal dose of morphine to end her suffering; that family members were suspicious about the cause of the mother's death and wanted an autopsy to be performed; and that the defendant needed money to prevent an autopsy. In fact, the defendant had not euthanized his mother.

2

g. That the Internal Revenue Service had frozen his bank accounts. In fact, this statement was untrue.

3. In reliance on the statements and representations made by the defendant and believing them to be true, R.B. loaned the defendant monies totaling approximately $377,000.00. The defendant used the money for his own personal benefit and not to keep C3 Vino afloat.

4. It was a further part of the defendant's fraudulent scheme and artifice that, in order to placate and lull R.B. into a false sense of complacency, the defendant told R.B. that if they were married it would solve certain tax and legal issues that were preventing him from accessing his money, and he would then be able to repay her. In reliance on this statement and representation by the defendant and believing it to be true, R.B. agreed to marry and in fact married the defendant. This marriage was later annulled at the request of R.B. after it was obvious that the defendant had no intention of repaying the monies lent to him by R.B.

5. It was a further part of the defendant's fraudulent scheme and artifice that, in order to placate and lull R.B. into a false sense of complacency, the defendant occasionally gave R.B. checks that purported to be in partial repayment of the moneys that R.B. had lent to him. The defendant wrote six checks payable to R.B. totaling $70,800.00. In fact, as the defendant well knew, these checks were written on accounts that had insufficient funds or were closed.

6. It was a further part of the defendant's fraudulent scheme and artifice that the defendant forged R.B.'s signature on checks that he made payable to himself and that he subsequently negotiated. The defendant used the proceeds for his own benefit.

7. On or about the dates set forth below, in the Eastern District of Virginia, for the purpose of executing the aforesaid scheme and artifice, HARRY RANDALL WITHERS, JR. did cause to be transmitted by means of wire communication in interstate commerce, certain signs,

signals, pictures and sounds as set forth below, each wire transmission being a separate count of this indictment as indicated:

| COUNT | DATE OF WIRE | DESCRIPTION |
|---|---|---|
| 1 | 05/30/2013 | Transfer of funds in the amount of $12,500.00 from an account in the name of R.B. to an account in the name of C3 Vino. |
| 2 | 07/01/2013 | Transfer of funds in the amount of $35,000.00 from an account in the name of R.B. to an account in the name of C3 Vino. |
| 3 | 08/09/2013 | Transfer of funds in the amount of $10,000.00 from an account in the name of R.B. to an account in the name of C3 Vino. |
| 4 | 12/09/2013 | Transfer of funds in the amount of $10,000.00 from an account in the name of R.B. to an account in the name of C3 Vino. |
| 5 | 12/11/2013 | Transfer of funds in the amount of $10,000.00 from an account in the name of R.B. to an account in the name of C3 Vino. |

(In violation of Title 18, United States Code, Section 1343.)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 8, 2013, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and which was derived from specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is, the cashing of a personal check drawn on a bank account in the name of R.B. in the amount of $18,000.00.

(In violation of Title 18, United States Code, Section 1957.)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 30, 2013, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and which was derived from specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is, the wire transfer of $12,500.00 from an account in the name of R.B. to a bank account in the name of C3 Vino.

(In violation of Title 18, United States Code, Section 1957.)

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 1, 2013, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and which was derived from specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is, the wire transfer of $35,000.00 from an account in the name of R.B. to a bank account in the name of C3 Vino.

(In violation of Title 18, United States Code, Section 1957.)

## COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 22, 2013, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and which was

derived from specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is, that is, the cashing of a personal check drawn on a bank account in the name of R.B. in the amount of $11,000.00.

(In violation of Title 18, United States Code, Section 1957.)

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 16, 2013, in the Eastern District of Virginia, HARRY RANDALL WITHERS, JR., the defendant, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and which was derived from specified unlawful activity, namely, wire fraud in violation of Title 18, United States Code, Section 1343, that is, that is, the cashing of a personal check drawn on a bank account in the name of R.B. in the amount of $12,000.00.

(In violation of Title 18, United States Code, Section 1957.)

## FORFEITURE

1. The defendant, HARRY RANDALL WITHERS, JR., if convicted of any of the violations alleged in Counts 1-5 of this indictment, shall, as part of the sentencing of the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

2. The defendant, HARRY RANDALL WITHERS, JR., if convicted of any of the violations alleged in Counts 6-10 of this indictment, shall, as part of the sentencing of the defendant pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeit to the United

States any property, real or personal, involved in the violation, or any property traceable to that property.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the property subject to forfeiture as described above, if, as a result of any act or omission of the defendant, any such property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

4. The property subject to forfeiture includes, but is not limited to, the following property:

A sum of money of at least $377,000.00, which is the total amount of gross proceeds of the offenses charged in Counts 1-5. Said sum of money is subject to a monetary judgment in favor of the United States.

(In accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) ; 18 U.S.C. § 982(a)(1).)

United States v. Harry Randall Withers, Jr.
Criminal No. 2:16cr 166

A TRUE BILL:

_Redacted_
FOREPERSON

Dana J. Boente
United States Attorney

By: _[signature]_
Alan M. Salsbury
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Tel. - 757-441-6350
Fax - 757-441-6689
Email - alan.salsbury@usdoj.gov